IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LATIN AMERICAN MUSIC CO. INC., et al.,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**MEDIA POWER GROUP, INC, et al.,**<br><br>    **Defendants.** | **Civil No. 07-2254(ADC)** |

## OPINION AND ORDER

Plaintiffs, Latin American Music Co., Inc. ("LAMCO") and ACEMLA de Puerto Rico, Inc. ("ACEMLA")(collectively, "plaintiffs"), filed a complaint against Media Power Group, Inc., and Eduardo R. Albino (collectively, "defendants") seeking money damages for violations of the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*. **ECF No. 4**.

On October 21, 2009, both plaintiffs and defendants filed cross-motions for summary judgment. **ECF Nos. 53, 54.** Each party timely opposed and replied. **ECF Nos. 71, 73, 78, 79.** All non-dispositive motions and pending dispositive motions were referred to Magistrate-Judge Bruce J. McGiverin ("Magistrate-Judge") for report and recommendation ("R&R"). **ECF No. 107.** On September 10, 2010, the Magistrate-Judge issued a R&R. **ECF No. 113**. Now pending before the court is the R&R, issued on September 10, 2010, which recommended that plaintiffs' and defendants' motion for summary judgment both be granted in part and denied in part. **ECF No. 113** at 1. Also before the court are plaintiffs' and defendants' objections to the R&R. **ECF No. 117, ECF No. 119**.

I.    **Factual Overview**

Inasmuch as neither party has made a specific objection to the Magistrate-Judge's recitation of the factual background, the court hereby adopts the same. To the extent either party's objections implicate factual findings of the Magistrate-Judge, the court will address such objections separately.

## II.     Standard of Review for Objections to a Report and Recommendation

A district court may refer pending motions to a magistrate-judge for a report and recommendation.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Cv. R. 72(a).  Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of being served with the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); L. Civ. R. 72(d).  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)).  The objections must specifically identify those findings or recommendations to which objections are being made.  "The district court need not consider frivolous, conclusive, or general objections." *Rivera-García v. United States*, Civ. No. 06-1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)).  Moreover, to the extent the objections amount to no more than general or conclusory objections, without specifying to which issues in the report objection is made, or where the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted.  *Id.*  "Instead, the report and recommendation is reviewed by the district judge for clear error."  *Id.* (citing *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge."  28 U.S.C. § 636 (a)(b)(1); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo-Rodríguez v. Pfizer Pharma., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003).  Hence, the court may accept those parts of the report and recommendation to which the plaintiff does not object.  *See Hernández-Mejías v. General Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W.*

*Wyatt Det. Facility*, 334 F. Supp. 2d 114, 125-26 (D.R.I. 2004)).

### III. Analysis

The present case involves the alleged infringement of twenty-one different compositions. Given the complexity of the issues raised and discussed within the R&R, the court addresses each of the Magistrate-Judge's findings and the parties' objections thereto separately.

### A. Copyright Registration: "Secreto," "Tres Recuerdos," "Amor en Tus Ojos," and "Jíbaro"

The Magistrate-Judge recommended that plaintiffs' motion for summary judgment be denied as to the works "Secreto," "Tres Recuerdos," "Amor en Tus Ojos," and "Jíbaro" in that plaintiffs failed to submit certificates of registration as required under 17 U.S.C. § 411(a).[1] **ECF No. 113** at 9-17. While Plaintiffs do not object to the Magistrate-Judge's discussion of the law, they object to the recommendation, arguing that the Magistrate-Judge was mistaken in finding that the registration requirement had not been met. **ECF No. 113** at 9-17. Defendants do not object to the recommendation.[2]

With regards to "Secreto," plaintiffs seem to be arguing that they have complied with the certificate of registration requirement in that the reference to "Viejo Secreto" in a 2003

---

[1] The Magistrate-Judge's R&R also recommends that defendants' motion for summary judgment be granted as to these four works. Defendants' request for summary judgment on these grounds, while alluded to in their opening motion, is advanced in more detail in their reply to plaintiffs' opposition. **ECF No. 79** at 10-17. While generally a party seeking summary judgment may not add new facts or legal arguments in a reply, the courts have consistently required some affirmative action from the aggrieved non-movant to bar consideration, i.e., a motion to strike. *Desrosiers v. Hartford Life & Accident Ins. Co.,* 515 F.3d 87, 91 (1st Cir. 2008). Plaintiffs' made no such objection. Accordingly, the court finds that the Magistrate-Judge was correct in considering, and ultimately granting, the request for summary judgment.

[2] Defendants also moved for dismissal, pursuant to Fed. R. Civ. P. 12(b)(1), for plaintiffs' failure to comply with 17 U.S.C. § 411(a) in that plaintiffs failed to fulfill the deposit copy requirement. The Magistrate-Judge noted that the Supreme Court's recent decision in *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010), foreclosed such an argument and recommended the denial of the motion to dismiss. Neither party objected to the Magistrate-Judge's recommendation as to the motion to dismiss, although defendants did object to the Magistrate-Judge's analysis regarding the deposit copy requirement (discussed further *supra* at 9-10). Inasmuch as no objection has been made, the court, finding no clear error upon review, adopts the recommendation regarding the motion to dismiss in full.

Certificate of Registration is a reference to the work referred to as "Secreto."[3] This argument was presented to the Magistrate-Judge, and rejected because plaintiffs did not provide a record citation to the alleged 2003 Certificate of Registration. *See infra* fn. 1. More to the point, however, plaintiffs failed, even after the Magistrate-Judge's explicit statement regarding the lack of citation, to provide this court with a citation to the 2003 Certificate of Registration. This court echos the Magistrate-Judge's statement, "the court will not ferret through the record" on plaintiffs' behalf. *CMI Capital Mkt. Inv. LLC v. Gonzalez-Toro*, 520 F.3d 58, 62-63 (1st Cir. 2008).

Inasmuch as plaintiffs' sole objection was a mere re-hashing of previous arguments, a de novo review of this portion of the R&R is unwarranted. The only certificate of registration that is provided for Pepito Lacomba's works is dated March 22, 1999 and does not contain any reference to a composition entitled "Secreto" or "Viejo Secreto." **ECF No. 57-32**. Accordingly, finding no clear error, the court agrees with the recommendation and that portion of the R&R dealing with "Secretos" is adopted in full.

Regarding "Tres Recuerdos," plaintiffs simply argue that the work entitled "Tres Historias de Amor en un Recuerdo" is the same work and is contained in the Certificate of Registration PA-2-357-741 for the compositions of Johnny Rodríguez. **ECF No. 117** at 13-14. Plaintiffs' statement is bare of any citation or other support. The registration documentation for the compositions of Johnny Rodríguez does not contain a work entitled "Tres Recuerdos" or "Tres Historias de Amor en un Recuerdo." **ECF No. 57-34**. As indicated in the R&R, there is a work called "Tres Historias de Amor." **ECF No. 57-34.** However, this court will not infer

---

[3] Plaintiffs' objection states, "As acknowledged in the Recommendation, "the [2003] Certificate of Registration for Pepito Lacomba's works 'appears listed in PA-1-189-948 as "Viejo Secreto"." **ECF No. 117** at 10. The R&R does not contain any such statement. The R&R contains a single paragraph on "Secretos": "First, the certificate of registration for Pepito Lacomba's works does not include any work called "Secreto Comentarios" or "Secreto." (ECF No. 57-32). Plaintiffs contend that the work is listed by another title, "Viejo Secreto," in a registration dating from 2003 that plaintiffs allegedly submitted. However, they do not cite to the record, and the court will not ferret through the record on their behalf." **ECF No. 113** at 9-10. Plaintiffs' quoted statement is, at best, a careless error and, at worst, a deliberate misrepresentation of the Magistrate-Judge's findings. The court warns plaintiffs to be more precise in their presentations, deliberate misrepresentations will not be tolerated.

that this work refers to the same work as either "Tres Recuerdos" or "Tres Historias de Amor en un Recuerdo." The court's refusal to infer is particularly appropriate in this circumstance given that plaintiffs were notified of the Magistrate-Judge's unwillingness to so infer and still refused and failed to provide any authority or citation. Accordingly, the court finds plaintiffs' objection meritless and adopts that portion of the R&R dealing with "Tres Recuerdos" in full.[4]

Regarding "Amor en Tus Ojos," the Magistrate-Judge stated, and plaintiffs agree, that no certificate of registration was provided. **ECF No. 113** at 10; **ECF No. 117** at 14-15. Plaintiffs' objections note that they requested a certified copy of the certificate of registration on November 21, 2009 and that they should not be penalized for bureaucratic delays out of their control.[5] The court disagrees with plaintiffs' characterization. This case was filed by plaintiffs on December 28, 2007, almost two years prior to the filing of the present summary judgment motions, and proof of registration is a necessary pre-condition for the institution of a copyright lawsuit. *See Staggs v. West, Civil No. 08-0728*, 2010 U.S. Dist. Lexis 63174, *6-7 (4th Cir. 2010). Plaintiffs' decision to wait until November 21, 2009, one month after they filed their summary judgment motion and nearly two years after they filed their complaint, is simply inexplicable.[6] The court will not excuse plaintiffs' delay and carelessness in bringing suit and finds their objection meritless. As such, the court adopts that portion of the R&R dealing with "Amor En Tus Ojos" in full.

Finally, with regards to "Jíbaro," plaintiffs argue that they have requested a corrected

---

[4] The court notes that the registration documentation provided for the compositions of Johnny Rodríguez lacks the certification from the Copyright Office. *See* **ECF Nos. 57-35**, **57-22**. As such, it is unclear whether this application was ever actually submitted to the Copyright Office. Such ambiguity further supports dismissal of this composition in that plaintiffs may have failed to even apply for registration. *See* 2 Melville Nimmer & David Nimmer, Nimmer on Copyright § 7.16 [3][c] ("Absent issuance of a certificate and in the absence of the copyright owner even having sent the requisite application (together with deposit and fee) to the Copyright Office, there is, under all viewpoints, a defect under the statute.").

[5] The court notes that plaintiffs' objections state they requested "a certified copy of the original document as per the attached letter which was sent via Fedex." **ECF No. 117** at 14. However no such letter was attached to the motion.

[6] Plaintiffs argue that they should not be penalized in view of their independent proof of ownership. However, ownership is a different question from registration and similarly, proof of ownership does not establish that the registration requirement has been met.

Certificate of Registration and therefore they have complied with the registration requirement. Plaintiffs' argument again fails in that no evidence has been submitted as to a supplemental registration application. The only registration documentation submitted by plaintiffs, as noted by the Magistrate-Judge, did not contain "Jíbaro" on the requested registration certificate. **ECF No. 57-22**. Plaintiffs also attempt to argue that the Certificate of Recordation submitted somehow fulfills the registration requirement. Such is not the case. The Certificate of Recordation merely indicates that the document attached was recorded in the Copyright Office on a specific date. **ECF No. 57** at 57-17. It does not provide any information as to whether a Certificate of Registration has been applied for or received. Thus, plaintiffs' offer of the Certificate of Recordation does not suffice. Accordingly the court finds plaintiffs' objection meritless and adopts that portion of the R&R dealing with "Jíbaro" in full.

### B. Collateral Estoppel: Corretjer Works

The Magistrate-Judge recommended that defendants' motion for summary judgment should be granted as to the works, "Oubao Moin," "Andando de Noche Sola," "Boricua en la Luna," and "En La Vida Todo es Ir" (collectively, "Corretjer Works"). In support, defendants assert that in a previous litigation the court had already determined that LAMCO had not proven ownership of the copyrights to the works and plaintiffs were therefore, precluded from relitigating the same in the present litigation. Plaintiffs object to the Magistrate-Judge's recommendation regarding "En La Vida Todo es Ir" only, arguing that the prior litigation did not make a determination as to that song.[7] **ECF No. 117** at 6-8. Defendants do not object to the recommendation. Accordingly, after review and finding no clear error, the court adopts that portion of the R&R dealing with "Oubao Moin," "Andando de Noche Sola," and "Boricua en la Luna" in full.

---

[7]On September 29, 2010, plaintiffs filed a "Supplemental & Clarification to Objection to Report & Recommendation, Nunc Pro Tunc" indicating that plaintiffs objections to the R&R were not just to "En La Vida Todo Es Ir" but applied to all the Corretjer works. **ECF No. 120**. Nonetheless, plaintiffs' filing was done after the September 24, 2010 deadline for filing objections to the Magistrate-Judge's Report and Recommendation. The parties were clearly warned that "No extensions to [this] deadline will be entertained." Plaintiffs' submission is well past the deadline and constitutes an attempt to bring in new objections after the deadline. The court will not condone such lateness and as such, will not consider objections filed out of the term fixed by the Magistrate-Judge. It is to be noted that plaintiffs even failed to seek an extension of time.

In *Brown v Latin American Music Co, Inc.*, 2006 U.S. Dist. Lexis 97249 (D.P.R. 2006), Brown moved for summary judgment both on his declaratory judgment claim that "En La Vida Todo Es Ir" had entered the public domain and on defendant LAMCO's counterclaim of copyright infringement for "En La Vida Todo Es Ir" and other compositions. *Brown*, 2006 U.S. Dist. Lexis at 1. The district court denied summary judgment on Brown's declaratory judgment claim finding that there was a material issue of fact that must be determined at trial. *Brown*, 2006 U.S. Dist. Lexis at 11-14. However, the district court granted summary judgment as to LAMCO's counterclaims of copyright infringement for "En La Vida Todo Es Ir" and other compositions, finding that LAMCO had failed to establish ownership of the copyrights for the compositions. *Brown*, 2006 U.S. Dist. Lexis at 7-11. Specifically, the district court found that the Certificate of Registration, from February 2000, which was the only evidence of ownership provided, failed to establish such because it was registered more than five years after the first publication of the work. *Brown*, 2006 U.S. Dist. Lexis at 7-11. Moreover, the district court noted that LAMCO conceded that "En la Vida Todo Es Ir" and four other compositions were first published in 1957. *Brown*, 2006 U.S. Dist. Lexis at 9. On appeal, the district court's grant of summary judgment and subsequent dismissal of the copyright infringement counterclaims was affirmed. *Brown v Latin American Music Co., Inc.*, 498 F.3d 18 (1st Cir. 2007).

Thus, while plaintiffs are correct in arguing that the district court did not find that "En la Vida Todo Es Ir" had entered the public domain, such does not assist plaintiffs in the present case. The issue presently before the court is whether LAMCO is able to establish ownership of the copyright it asserts against defendants. As evidence of ownership in the present case, plaintiffs submit a Certificate of Registration dated February 3, 2000 for a work entitled "Oubao Moin y 17 Obras Mas de Juan a Corretjer" and a "Certificate of Recordation." **ECF Nos. 57-11, 57-12**. The Certificate of Registration states that the date of first publication for the works was February 18, 1979. Thus, the evidence presented in the present case appears to be the same evidence presented in the *Brown* case and, most importantly, the same evidence that was found insufficient to establish copyright ownership. This court can find no differently. Accordingly, that portion of the R&R dealing with "En La Vida Todo Es Ir" is

adopted in full.

### C.     Licenses from Other Performance Rights Societies: "Eliminación de Feos"

The Magistrate-Judge recommended that defendants' summary judgment motion be denied as to the works "La Loma del Tamarindo," "Honra y Cultura," "Juanito Alimaña," "Dame la Mano Paloma," "Jíbaro," "Llegó la Navidad," and "Madrigal" in that defendants failed to provide competent evidence that they were licensed by other licensing companies to use the works. **ECF No. 113** at 14-15.  Plaintiffs' object to the recommendation arguing that there is no evidence that any of the works are owned or controlled by any other Performance Rights Society ("PRS")  and that "[i]t is an error to consider that a non-exclusive license from another PRO shields Media Power from this willful copyright infringement action." **ECF No. 117** at 18.  Inasmuch as the Magistrate-Judge's recommendation was to deny the summary judgment for lack of evidence, the very issue plaintiffs point out, it is unclear to what exactly plaintiffs are objecting.  The court cannot understand why plaintiffs would object to a holding that benefits their claims.  Accordingly, the court finds this objection frivolous, irrelevant and unsupported. Defendants also make no objections. Therefore, de novo review is unwarranted and the court, finding no clear error upon review, adopts this portion of the R&R in full.

The Magistrate-Judge also recommended that defendants' summary judgment motion be granted as to "Eliminación de los Feos" upon finding that in a previous litigation it had been determined  that LAMCO did not own an interest in the work and the copyright was solely owned by the Peer group of music publishers. **ECF No. 113** at 13-14. Plaintiffs objection consists of a single sentence that reads:  "Regarding the song "Liquidación of Los Feos" in the Peer litigation is not the same as "Eliminación de los Feos" while they are both by the same composer the words to the song are different." **ECF No. 117** at 18-19.  Again, plaintiffs' objection suffers from a complete lack of clarity or meaning.  Nowhere in the R&R is a song entitled "Liquidación of Los Feos" mentioned.  Nor does plaintiffs' objection provide any information, citation or context as to such song or its argument.  The court will not do plaintiffs work.  Most importantly, plaintiffs themselves admit that the two songs are the same: "A 1980 published version of the work "Eliminación de Feos" a.k.a "Liquidación of Los Feos" . . . ." **ECF No. 78** at 14.  Plaintiffs' objection is found to be frivolous in that it is unclear

and is not specific as to the section of the Magistrate-Judge's recommendation it objects to. More to the point, plaintiffs' objection is unfounded based on its own admissions. Defendants also do not object. Since neither party has put forth a specific objection, de novo review is unwarranted. Accordingly, having reviewed the R&R and finding no clear error, the also court adopts this portion of the R&R in full.

### D. Motion to Strike

In support of their opposition to defendants' summary judgment, plaintiffs submitted "new" exhibits that constituted deposit copies of certain works. **ECF No. 73** at 23. In their reply, defendants moved to strike the evidence pursuant to Fed. R. Civ. P. 26 and 37 in that plaintiffs had failed to produce such exhibits in response to discovery request. **ECF No. 79** at 33-36. The Magistrate-Judge recommended that defendants' motion to strike later submitted evidence related to the Deposit Copy Requirement be denied in that defendants were not prejudiced and, more importantly, that defendants were on constructive notice of the evidence. **ECF No. 113** at 19, fn. 13.

Plaintiffs do not object to the Magistrate-Judge's recommendation. Defendants object, but they fail to make a specific objection. In fact, defendants' "objection" is nothing more than the original argument presented in its reply to summary judgment. *See* **ECF No. 79** at 33-36. Accordingly, we review the R&R for clear error only. *Rivera-García*, 2008 WL 3287236 at *1. After review, the court finds no clear error in the Magistrate-Judge's recommendation, noting especially that the R&R states that defendants had constructive notice of the evidence. Inasmuch as defendants knew the items were recorded with the Copyright Office, there was no surprise or harm in the late production. The portion of the R&R dealing with the motion to strike is adopted in full.

### E. Deposit Copy Requirement

Defendants moved for summary judgment on certain works arguing that the deposit copy given to the Copyright Office was invalid and, therefore, plaintiffs had failed to comply with 17 U.S.C. § 411(a). The Magistrate-Judge found that defendants had failed to establish a genuine issue of fact as to the validity of the deposit copies as to the works "Dame la Mano

Paloma," "La Botellita," "El Bambú," "Padre San Antonio," and "Flotando Sobre el Caribe," "Secreto," "Jíbaro," and "Amor en Tus Ojos." Additionally, as to "El Pollito Chicken," the Magistrate-Judge found that a genuine issue of material fact existed regarding the deposit copy's validity but ultimately denied defendants' motion for summary judgment.

Both parties objected to the Magistrate-Judge's recommendations. Defendants' objections are almost verbatim copies of arguments presented both in its moving papers and reply. **ECF No. 119** at 15-21; **ECF No. 54** at 9-13; **ECF No. 79** at 18-23. Accordingly, they will not be considered by this court. *Camardo*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R."). In raising an objection, plaintiffs seems to argue that the deposit copy requirement had been complied with in that "the best edition of the work available for copyright" was deposited. **ECF No. 117** at 20. The court notes that plaintiffs' objection contains no citations to the record, legal authority or documentary evidence - just conclusive statements stating that the "underlying deposit copyright registration is the first rendition of the work as registered by the composer." **ECF No. 117** at 20. Such naked allegations do not suffice to establish a factual or legal error in the R&R.

More importantly, plaintiffs' objection fail to shed much light on the issue of the validity of the deposit copy. The First Circuit is clear in its guidance that a "deposit copy created without access to or reliance on the original work, cannot constitute a "copy," as the term is used. . . . " *Torres-Negrón v. J&N Records*, 504 F.3d 151, 157 (1st Cir. 2007). Thus, whether the deposit copy provided was the first or fifth copy makes no difference if it was not made with access or in reliance on the original work. Plaintiffs have not shown such, thus, the Magistrate-Judge's recommendation was appropriate and that portion of the R&R is adopted in full.

### F.    Infringement

Having already found summary judgment as to certain compositions, the Magistrate-Judge analyzed the question of infringement as to twelve songs: "Llegó la Navidad," "Flotando Sobre el Caribe," "Padre San Antonio," "Dame la Mano Paloma," "Honra y Cultura," "La Loma del Tamarindo," "Juanito Alimaña," "La Botellita," "Jalda Arriba," "Madrigal," "El Bambú" and "Pollito Chicken."[8]

#### 1.    Failure to Prove Unauthorized Use

The Magistrate-Judge first recommended that defendants' summary judgment motion for copyright infringement as to the works "Jalda Arriba,"[9] "El Bambú"[10] and "Dame la Mano Paloma" for failure to show unauthorized use be granted. **ECF No. 113** at 22-24. The Magistrate-Judge noted that for each composition there was either insufficient, or a complete lack, of evidence supporting any finding of infringement. *Id.* Neither plaintiffs or defendants

---

[8] The R&R states that as to "Llegó la Navidad," "Flotando Sobre el Caribe," "Padre San Antonio," "Dame la Mano Paloma," "Honra y Cultura," "La Loma del Tamarindo," "Juanito Alimaña," "La Botellita," "Jalda Arriba," "Madrigal," there was no genuine issue of fact as to plaintiffs' ownership of a valid copyright. **ECF No. 113** at 20. Neither party objects to this recommendation or finding. Therefore, finding no clear error upon review, the court adopts this portion of the R&R in full.

[9] Plaintiffs' complaint, first filed on December 28, 2007 and then re-filed on February 1, 2008, alleges copyright infringement as to "Jalda Arriba" on October 21, 2004 and on July 9, 2006. **ECF No. 4** at ¶ 26; **ECF No. 55** at ¶¶ 32-34. However, "Jalda Arriba" was not registered until October 2006. **ECF No. 55** at ¶ 35. Defendants argued that the claim for the October 2004 infringement was time-barred by the statute of limitations of 17 U.S.C. § 507(b) which states that "no civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." The Magistrate-Judge agreed, recommending that summary judgment as to the October 2004 claim be granted. Neither party objects to this recommendation. Accordingly, finding no clear error upon review, the court adopts this portion of the R&R in full.

[10] The Magistrate-Judge had also found that a genuine issue of material fact existed as to ownership of "El Bambú." **ECF No. 113** at 17. Given this court's adoption of the Magistrate-Judge's recommendation regarding the lack of evidence of copyright infringement, the plaintiffs' claims as to "El Bambú" are dismissed and the question of ownership is moot. However, for the sake of completeness, the court addresses plaintiffs' objections to the Magistrate-Judge's recommendation regarding ownership. Inasmuch as plaintiffs' objection fails to point to any specific error of law or fact and plaintiffs have offered nothing but conclusory statements to support their objection– no further factual averments or further legal support, the objection is considered meritless. **ECF No. 117** at 19. Since de novo review is unwarranted, the court, finding no clear error upon review, adopts this portion of the R&R in full.

objected to this recommendation. Accordingly, finding no clear error upon review, the court adopts this portion of the R&R in full.

### 2.     Admissibility of Proof of Infringement

As proof of infringement, plaintiffs submitted two CDs with their opening motion on which the allegedly infringing broadcasts were recorded.[11] Mr. Luis Raul Bernard ("Mr. Bernard"), President of LAMCO and ACEMLA, stated the following in support of the CDs: "I have personally heard and I had copied and recorded on 2 CD's submitted as Exhibit 3 and 4, most of the infringements specified in the Chart, with the exception of a few songs infringed. The referenced songs in the CD's as Exhibit 3 and 4 were sent to be recorded the playing of music by composers affiliated to LAMCO and ACEMLA was done by myself through Publi[c] Media, Inc., an agency that records all news and radio broadcast." **ECF No. 57-51** at ¶ 10. Defendants objected to the CDs as inadmissible evidence in that there was "no testimony by persons with knowledge of how these [CDs] were generated or recorded, nor have they submitted other evidence to help explain the same." **ECF No. 71** at 13-14.

While the Magistrate-Judge did not rule directly on the admissibility of the CD, the Magistrate-Judge considered and relied on the evidence therein. **ECF No. 113** at 26 ("Moreover, plaintiffs have submitted a CD that contains a broadcast of this composition."). As such, it is clear that the Magistrate-Judge found the CDs admissible. Defendants reiterated the arguments presented in their opposition, almost verbatim, in their objections. **ECF No. 119** at 4-6; **ECF No. 71** at 13-14. While such re-hashing is not a valid objection and, therefore, does not mandate de novo review, the court reviews the question of admissibility of the CDs.

Fed. R. Civ. P. 56 (e) specifically states: ". . . If a paper or part of a paper is referred to in an affidavit, a sworn and certified copy must be attached to or served with the affidavit." Thus, in order for exhibits to be admissible during the summary judgment stage, these must

---

[11] Plaintiffs later filed two new CDs, identified as **ECF No. 73**, Exhs. 9A and 9B, which replaced **ECF No. 57**, Exhs. 3,4. Plaintiffs alleged that Exhs. 9A, 9B were the same at Exhs. 3,4. **ECF No. 73** at 28. This is not the case. While Exh. 3 and Exh. 9A list the same songs, Exh. 4 and Exh. 9B differ. Exh. 9B contains "Flotando Sobre el Caribe" and Exh. 4 does not. Once again, plaintiffs are warned to be more precise in their representations to the court.

be authenticated by and attached to affidavit or unsworn statement under penalty of perjury that meets the requirements of Rule 56(e). *See* 10A Wright, Miller & Kane, Federal Practice & Procedure § 2722 (3d ed.1998). "Under Federal Rule of Civil Procedure 56(e), on summary judgment, the parties in their supporting affidavits shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Hoffman v. Applicators Sales And Service, Inc.*, 439 F.3d 9, 14 (1st Cir. 2006)(internal citations and quotations omitted). Moreover, "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *Id.* Failure to properly authenticate the supporting documents precludes the court's consideration of the same. *See Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000)(holding that the documents supporting a motion for summary judgment could not be considered because they had not been properly authenticated).

While plaintiffs offer the statement of Mr. Bernard to support the CDs admission into evidence, the court finds the offered statement insufficient to authenticate the CDs. Mr. Bernard states that he "had copied and recorded. . . most of the infringements. . . with the exception of a few songs infringed." **ECF No. 57-51** at ¶ 10. First, it is unclear how the infringements were copied and recorded - whether they were actually copied and recorded by Mr. Bernard himself or whether he asked an employee to copy and record. Second, based on this statement, it is unclear whether Mr. Bernard is saying that he was not involved with copying and recording all of the infringements recorded on the CD or whether there are some infringements that are simply not recorded on the CD.

Mr. Bernard then states that the recording of the songs was done "by myself through Publi[c] Media, Inc." This statement has the same problem as the first statement - it is unclear whether Mr. Bernard himself recorded the songs or whether he directed someone at Public Media, Inc. to record the songs. Given the ambiguous nature of Mr. Bernard's statement, the court finds that it does not adequately authenticate the CDs. Moreover, the statement applies only to the CDs identified as Exhibits 3 and 4. As the court has already noted, Exhibits 9A and 9B, which replaced Exhibits 3 and 4, are not mentioned. At this time, the court has no way of

knowing whether Mr. Bernard's statement even applies to Exhibits 9A and 9B.

Inasmuch as the court finds the CDs were not properly authenticated such evidence that must be precluded from consideration. Accordingly, the following recommendations of the Magistrate-Judge's must be rejected in that unauthenticated evidence was relied upon in making the recommendation to: (1) grant plaintiffs' summary judgment on copyright infringement as to "Juanito Alimaña," "Madrigal," "La Botellita," "Padre San Antonio," and "La Loma del Tamarindo"; and (2) grant defendants' summary judgment on copyright infringement as fair use pursuant to 17 U.S.C. § 107 as to "Pollito Chicken."[12] The court considers the objections from either party as to these recommendations as moot. The court makes no further determination as to plaintiffs' claims for infringement in that the record is inadequate.

The Magistrate-Judge recommended that plaintiffs' summary judgment motions as to willfulness and vicarious liability be denied in that genuine material issues of fact had been raised as to each. **ECF No. 113** at 34-39. While this court agrees with the Magistrate-Judge's recommendation that summary judgment be denied, the court's denial is based on the fact that this court can make no determination regarding infringement. Because the questions of willfulness and vicarious liability for infringement are based on an initial finding of infringement, these issues are, at this time, impossible to determine. Plaintiffs' and defendants' objections to the Magistrate-Judge's recommendation are irrelevant to this court's basis for denial and will not be considered. **ECF No. 117** at 27, 29-32; **ECF No. 119** at 11-15.

---

[12]The R&R also analyzed fair use pursuant to 17 U.S.C. § 107 as to "Honra y Cultura," Juanito Alimaña," and "Flotando Sobre el Caribe," ultimately recommending that defendants' summary judgment motion be denied and that defendants be allowed to present evidence regarding fair use to the jury. **ECF No. 113** at 33. Because this court finds that the CD evidence is unauthenticated and, therefore, inadmissible, the court denies defendants' summary judgment as to fair use with regards to these compositions on these grounds and rejects the portion of the R&R dealing with such. Defendants may present any evidence regarding fair use as to these compositions at trial. Defendants' summary judgment also moved for summary judgment on the same grounds as to "Secretos," however, the R&R did not address this composition directly. **ECF No. 113** at 26. Plaintiffs' claim of copyright infringement as to "Secretos" has been dismissed for failure to properly submit certificates of registration and, as such, defendants' summary judgment on the grounds of fair use is **MOOT**. *Supra* at 3-4.

In summary, plaintiffs' complaint alleges claims of copyright infringement on twenty-one different compositions. Through the court's adoption of certain of the Magistrate-Judge's recommendations, plaintiffs' claims of copyright infringement as to the works "Secreto," "Tres Recuerdos," "Amor en Tus Ojos,""Jíbaro," "Oubao Moin," "Andando de Noche Sola," "Boricua en la Luna," "En La Vida Todo es Ir," "Eliminación de Feos," "Dame la Mano Paloma," "Jalda Arriba," and "El Bambu" have been dismissed with prejudice. Plaintiffs' claims of copyright infringement as to the works "Llegó la Navidad," "Flotando Sobre el Caribe," "Padre San Antonio,""Honra y Cultura," "La Loma del Tamarindo," "Juanito Alimaña," "La Botellita," "Madrigal," and "Pollito Chicken" survive.

## II.     Conclusion

Based on the foregoing, the Magistrate-Judge's Report & Recommendation (**ECF No. 113**) is **ADOPTED-IN-PART** and **REJECTED-IN-PART**.

Based on the foregoing, the court finds as follows:

1. Plaintiffs' motion for summary judgment for copyright infringement at **ECF No. 53** is **DENIED**.

2. Defendants' motion for dismiss and motion for summary judgment at **ECF No. 54** is **GRANTED in part** and **DENIED in part** as follows:

   A. Defendants' motion for summary judgment for copyright infringement as to the works "Secreto," "Tres Recuerdos," "Amor en Tus Ojos," and "Jíbaro" is **GRANTED** for failure to comply with 17 U.S.C. § 411(a). Plaintiffs' claims of copyright infringement as to "Secreto," "Tres Recuerdos," "Amor en Tus Ojos," and "Jíbaro" are **DISMISSED WITH PREJUDICE.**

   B. Defendants' motion for summary judgment as to the works of Juan Antonio Corretjer for lack of copyright ownership is **GRANTED**. Plaintiffs' claims of copyright infringement as to the works, "Oubao Moin," "Andando de Noche Sola," "Boricua en la Luna," and "En La Vida Todo es Ir" are hereby **DISMISSED WITH PREJUDICE**.

  C. Defendants' motion for summary judgment as to "Eliminación de Feos" for lack of copyright ownership is **GRANTED**. Plaintiffs' claims of copyright infringement as to "Elminación de Feos" are **DISMISSED WITH PREJUDICE**.

  D. Defendants' motion for summary judgment as to "Dame la Mano Paloma," "El Bambú," and "Jalda Arriba" for failure to establish an infringing use is **GRANTED**. Plaintiff's claims of copyright infringement as to "Dame la Mano Paloma," "El Bambú," and "Jalda Arriba" are **DISMISSED WITH PREJUDICE**.

  E. Defendants' motion for summary judgment as to "Llegó la Navidad," "La Botellita," "Flotando Sobre el Caribe," "Juanito Alimaña," "Padre San Antonio," "Pollito Chicken," "Honra y Cultura," "La Loma del Tamarindo" and "Madrigal" is **DENIED**.

Additionally, Defendants' motion to dismiss for lack of subject matter jurisdiction (**ECF No. 54**) is **DENIED**. Defendants' motion to strike (**ECF No. 79**) is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 29th day of March, 2011.

                **S/AIDA M. DELGADO-COLÓN**
                **United States District Judge**