IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LATIN AMERICAN MUSIC CO. INC., et al<br><br>Plaintiffs<br><br>v.<br><br>MEDIA POWER GROUP, INC., et al<br><br>Defendants | CIVIL NO.: 07-2254 (BJM)<br><br>WILLFUL COPYRIGHT INFRINGEMENT |

**OPPOSITION TO DEFENDANTS' MOTION REQUESTING
THE AWARD OF ATTORNEY FEES**

TO THE HONORABLE COURT:

NOW COME Plaintiffs, through the undersigning legal representation, and respectfully state, request and pray:

**Introduction**

On December 28, 2007, Plaintiffs, LAMCO and ACEMLA (collectively "plaintiffs"), filed a complaint against Media Power Group, Inc., and Eduardo Rivero Albino (collectively, "defendants") seeking money damages for willful copyright violations of 21 copyrighted works registered by (LAMCO) under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.* Plaintiffs demanded recoupment of damages alleging defendants' unlicensed fixing, synchronization, use and performance, thus willful copyright infringement of 21 songs by using them on-air without a license.

The parties filed cross-motions for summary judgment on October 21, 2009. The parties also timely opposed and replied.  (**ECF Nos. 71, 73, 78, 79)**. Such dispositive motions were referred for the consideration of the Honorable Magistrate Judge, who issued a Report and Recommendation ("R&R") on September 10, 2010.  The R&R recommends that the motions for summary judgment by the parties be granted in part and rejected in part. Both parties objected to the R&R. **ECF No. 119**.  The District Court issued its Opinion and Order on March 29, 2011, adopting in part and rejecting in part the R&R. The District Court dismissed the claim for twelve songs.

Of the 12 that were dismissed, some were dismissed only for failure to establish copyright infringement. Nine songs remained for trial.

The jury trial took place from August 8, 2011 to August 16, 2011.  The Jury rendered its verdict on August 16, 2011 concluding that the plaintiffs did not own any of the songs at trial. On August 18, 2011 the District Court issued Final Judgment dismissing the Complaint. On January 15, 2013, the United States Court of Appeals for the First Circuit issued an Opinion and Order and a corresponding Judgment affirming the dismissal of all claims pertaining to the twenty-one works object of the present case.

**On January 29, 2013, defendants filed a motion and memorandum requesting costos and attorney fees. (See Dkt. 235).  In said motion defendants request a total of $209,567.70 which includes attorney fees and costs. Specifically total costs add to $15,266.00 and attorney fees add to $194,301.70.**

**On March 25, 2013 this Court granted plaintiffs to file its opposition on or before March 27, and that no further extensions would be granted. (Dkt 245).** Defendants hereby oppose plaintiff's request for attorney's fees in this case on various grounds.

**I. Entitlement of defendants' attorney fees**

Plaintiffs proffer that there is total absence of frivolousness, motivation, objective reasonableness and the need in particular circumstances to advance considerations of compensation and deterrence, factors that, if present, would deem an award for attorney's fees proper under the standard established by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

Defendants state that a showing of frivolity or bad faith is not required. Rather the prevailing party need only show that its opponent's copyright claims or defense were objectively weak". Citing Garcia-Goyco v.Law Envt'l Consultants Inc., 428 F3d 14 (1st.Cir. 2005). In their motion they failed to mention that no specific standard exists to guide a court whether to award attorney fees. Instead in considering whether to exercise its discretion to grant attorney fees to a prevailing party under the Copyright Act, a court may consider a wide swath of factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need. . . to advance considerations of compensation and deterrence." These factors may be applied as long as they are faithful to the Copyright Act and are applied to both plaintiff and defendant. Citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)

Defendants argue that since it prevailed on the merits of its copyright claim, it is within the discretion of the Court to award the attorney fees claimed. We should also point to another question, which is by what standards should the decision to award attorney fees be guided. Notwithstanding it is the contention of appearing party that with the litigation that ensued in this case, there was no frivolousness or ill motivation present. The issues that were argued were not clear black and white in favor of defendants. Throughout the scope of this litigation many issues were in controversy.

As said before, under *Fogerty,* supra, the district courts, in deciding a motion for attorney's fees, should take into consideration such factors as frivolousness, motivation, objective reasonableness and the need in particular circumstances to advance considerations of compensation and deterrence. Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised "in light of the considerations we have identified." *Hensley* v. *Eckerhart*, 461 U.S. 424, 436-437 (1983).

Where plaintiffs' success in a case filed is technical or minimal, the District Court has the right of denying prevailing party status. *Gay Officers Action League* v. *Puerto Rico*, 247 F.3d 288 (1st Cir. 2001). Also, in a case where the result obtained could be considered only a source of moral satisfaction, plaintiffs should not be granted a prevailing party status. *Gay Officers Action*

*League* v. *Puerto Rico*, 247 F.3d 288 (1st Cir.2001); *Farrar* v. *Hobby,* 506 US 103 (1992).

One of the requirements to be considered a prevailing party is that the legal relationship between the parties is "materially altered in a way that directly benefits plaintiffs (or defendants)." *Schofield* v. *Trustees of the University of Pennsylvania*, 919 F.Supp 821 (1996). The District Court must make a "qualitative inquiry into the import of the relief obtained" and ascertain that in fact plaintiffs can be considered prevailing parties. *Gay Officers Action League* v. *Puerto Rico*, 247 F.3d 288 (1st Cir. 2001).

## II. Attorney fees requested are not reasonable

It is evident that under the circumstances of this case the amount of attorney's fees requested are unreasonable. Between both attorneys, their fees alone add up to **$194,301.70**. Certainly, the Court will find some tasks to be billed excessively and some even duplicative.

There exists a two tier requirement for requesting attorney's fees. The first requisite is that plaintiff is a prevailing party. *Schofield* v. *Trustees of the University of Pennsylvania*, 919 F.Supp 821 (1996); *Farrar* v. *Hobby*, 506 US 103 (1992). The second requisite is that the fee requested is reasonable. *Schofield v.Trustees of the University of Pennsylvania,* 919 F.Supp 821 (1996); *Farrar* v. *Hobby*, 506 US 103 (1992).

The plaintiffs bear the burden of proving that their petition is reasonable. *Schofield* v. *Trustees of the University of Pennsylvania*, 919 F.Supp 821(1996).

5

However, the fact on this case does not support the reasonability of their request. The district court has considerable discretion in establishing the attorney's fees in light of the objections raised by the opposing party. *Schofield* v. *Trustees of the University of Pennsylvania*, 919 F.Supp 821 (1996); *Bell* v. *United Princeton Properties, Inc.*, 884 F.2d 713 (3d Cir.1989).

The discretion of the district court in setting attorney's fees has been recognized by the Supreme Court. *Blanchard* v. *Bergeron,* 489 US 87 (1989); *Hensley* v. *Eckerhart,* 461 US 424 (1983).

Another aspect for this court to analyze is the "significance of the overall relief obtained by the party in relation to the hours reasonably spent on the litigation." *Hensley* v. *Eckerhart,* 461 US 424 (1983). The Supreme and Federal Courts has established that if a plaintiff (party) obtains a limited or partial success in their claim the lodestar approached may be excessive. *Schofield* v. *Trustees of the University of Pennsylvania*, 919 F.Supp 821 (1996); *Hensley* v. *Eckerhart,* 461 US 424 (1983). In fact, the element that must be considered in setting the fee award should be "on the nature of the result." *Abrams* v. *Lightolier, Inc.*, 50 F.3d 1204 (3d Cir.1995).

In awarding reasonable attorney's fees this Court will consider the amount of work, the skills employed, the damages at issue and the results achieved. *N.A.S. Import, Corp.* v. *Chenson Enterprises, Inc.*, 968 F.2d 250, 254 (1992).

### Applicability of Load Star Method FEES REDUCED

In a recent First Circuit case, T-Peg Inc. v. Vermont Timber Works Inc., 2012 WL 502714 (1st Cir. Feb. 16, 2012), VTW sought fees of more than $200,000 under 17 U.S.C. 505. Instead, the district court granted VTW a fee award of $35,000. The First Circuit affirmed, finding that the district court adequately elaborated its reasoning under its discretion. The Court of Appeals found that the district court did not abuse its discretion by departing from the *Lodestar* method in awarding attorneys' fees.

**Review of Aty. Miguel Ortega Billable Hours ($146,381.70)**

There are over thirty pages of billable time, which after careful examination are duplicative in terms of legal research and preparation "to attend" meetings or persons. There are numerous entries which repeat the same task and for which they are billed unreasonably. Other entries are small accumulations of either telephone conversations or email correspondence. Surprisingly some of these conversations are between co-counsel Ortega and Rivera MacMurry, or with their client. Also billed excessively were the preparation, draft and final draft of summary judgment and opposition to summary judgment.

**Review of Aty. Patricia Rivera Billable Hours ($47,920.00)**

As supporting document, counsel Rivera MacMurry submitted her clients invoicing as evidence of billable time, which were charged at a rate of $200 an hour. Half of her invoicing is in Spanish and the other half in English. Additionally, there seems to be a mix and match, and at times it is not quite

clear what exactly is being billed or what specific tasks had been worked on in order to ascertain if such hours are reasonable. From the outset we are unable to add up the hours for which she is claiming the sum of **$47,920.00.**

Last but not least, after carefully reviewing both of counsels time entries we realize that there seems to be an insurance company, as mentioned in the invoicing of both counsels, which may indicate that defendants' legal representation may have been covered and under the terms of an insurance contract. As it is noted, there is a discrepancy as to the hourly rate billed by both attorneys, where one charges different rates, either $135 or $150 per hour, while the other charges a rate of $200 per hour. We have no evidence as to the hourly rates for which these attorneys were retained and if such invoices are preemptively covered by the insurance contract that defendants had in effect.

Appearing parties argue that some discretion should be applied in the case at bar as well. Granting award of attorney fees should also consider the reasonableness of the fees requested.

## COSTS

Defendants also request reimbursement of **$15,266.00** which is itemized as costs and as follows:

**$3,666.67  Copies**

**$4,047.88  Translations**

**$1,746.52 Depositions**

**$1,275.65 Travel**

**$3,090.78 Other Fees**

**1,438.50 Transcription Trial**

We understand that the prevailing party has a right to costs. However we disagree as to the amount that is being assessed. Besides the fact that some of these entries may be exaggerated as to copies and/or other fees, other costs are inapplicable and are not subject to reimbursement. Judgment was entered on August 18, 2011, yet defendants are including as reimbursable costs the expenses that were incurred after Judgment, specifically Transcription Trial for $1,438.50.

Expenses for copies in the amount of $3,666.67, is supported by vague entries that seem to add numerous copies without specifying the source. Also, it is noted that some entries are post trial.

The entry for "Other Fees" in the amount of $3,090.78 seems to be "supported" by some receipts but again these entries are not identified in a manner that reasonably one may conclude that such expenses were necessary for the litigation, or that said expenses were utilized for the litigation of the case.

With regards with translation fees in the amount of $4,047.88 we only found invoices for court interpreter that add to the amount of $926.25. We also need evidence of actual payments.

Neither deposition transcript invoices nor payments were found therefore none should be reimbursed.

And lastly, the fees paid to and for a Mr. Martin Majeske are without a doubt not reimbursable. Defendants have not indicated the necessity of this witness and reason for which said expenses were necessary and reasonable.

**WHEREFORE**, Plaintiffs respectfully requests that the Court to deny defendants request for attorney fees, or in the alternative reduce the amount of fees under the discretion of this Court as well as reducing the Costs to an amount which is supported by evidence.

Respectfully submitted in Guaynabo, Puerto Rico on this 27th day of March 2013.

I HEREBY CERTIFY that on this day the foregoing was filed via the CM/ECF system, which provided electronic service to all parties therein registered.

s/ ANTHONY L. BINI-DEL VALLE
USDC/PR NO. 217610
CENTRO INTERNACIONAL DE MERCADEO
TORRE II, SUITE 309
90 CARR. 165
GUAYNABO, PR 00968
TEL 787-622-9078   FAX 787-774-0605
abinilaw@yahoo.com