IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LATIN AMERICAN MUSIC CO., INC., *et al.*,<br><br>       Plaintiffs,<br><br>       v.<br><br>MEDIA POWER GROUP, INC., *et al.*,<br><br>       Defendants. | Civil No. 07-2254 (BJM) |

**OPINION AND ORDER**

Defendants Media Power Group, Inc., Eduardo R. Albino, Albino's spouse Jane Doe, and their conjugal partnership seek attorney's fees and costs of $209,567.70 from plaintiffs Latin American Music Co. Inc. and ACEMLA de Puerto Rico, Inc.. Plaintiffs sued for alleged copyright infringement regarding twenty-one songs. Defendants won summary judgment on twelve claims. Docket No. 148. At trial, the jury found plaintiffs did not establish their ownership of the copyright for the other songs, so the remaining claims were dismissed on the merits. Docket No. 213. The judgment was affirmed on appeal. Docket No. 233. Defendants now seek costs and attorney's fees under 17 U.S.C. § 505, Fed. R. Civ. P. 54, and Local Rule 54. Docket No. 235. Per Local Rule 54, the attorneys' fees and costs sought include those related to the appeal. Docket No. 216. Plaintiffs opposed (Docket No. 246), and defendants replied (Docket No. 250). Defendants' motion for attorney's fees and costs is **granted in part**.

**FACTUAL BACKGROUND**

*Attorney's Fees*

A total of nine attorneys and at least one law clerk participated in the defendants' litigation (*See* Docket Nos. 250-1, 250-2, 250-3, 250-4, 250-5). Defendants' motion is

supported by hourly billing statements, two affidavits, various receipts, and curriculum vitae for one of the defendants' attorneys, Miguel Ortega ("Ortega").  Ortega billed 267.45 hours at a rate of $135.00 per hour from March 5, 2008 to May 27, 2010.  Docket Nos. 250-1, 250-2, 250-3.  At the time, Ortega was an associate at Saldaña, Carvajal & Vélez-Rivé ("SCVR").  Following his promotion to junior partner, from September 10, 2010 to October 31, 2011, Ortega billed 645.45 hours at $150.00 per hour.  Docket Nos. 250-3, 250-4, 250-5.  In November 2011 Ortega billed 1.1 hours at $147.27 per hour.  Docket No. 250-4 at 36.  And in December 2012, Ortega billed 17.70 hours at $149.92 per hour.  Docket No. 250-5 at 39.  Ortega accounted for 74% of the total hours billed and his fees total $135,738.83.

Luis Saldaña and Frances Colón billed at the SCVR partner hourly rate of $150.  Luis N. Saldaña billed 4.2 hours between March 5, 2008 and May 1, 2008.  Docket Nos. 250-1 at 1-5.  And Frances Colón billed one hour on July 29, 2011.  Docket No. 250-4 at 21.  Qualification documentation was not provided for either.  Saldaña and Colón's combined fees total $780.00.

Five individuals billed at the SCVR associate hourly rate, which is $135.00.  Pedro Quiñones billed 26.22 hours between July 19, 2011 and March 1, 2012.  Docket Nos. 250-4 at 18, 250-4 at 23-30, 250-5 at 10.  Fernando Sabater billed 18.5 hours between July 22, 2011 and August 31, 2012.  Docket Nos. 250-4 at 19, 250-4 at 26-28.  María Margarita Eguia billed 9.4 hours on July 26 and 27, 2011.  Docket No. 250-4 at 19-20.  Julio C. Cayere Quidgley billed 3.8 on September 1, 2009 and 1.8 hours on July 5 and 6, 2012.  Docket Nos. 250-2 at 21, 250-5 at 23.  Vanessa Blanco Méndez billed 4.7

Latin Am. Music Co. v. Media Power Group, Inc., Civil No. 07-2254 (BJM)    3

hours from July 27, 2011 and August 4, 2011. Docket Nos. 250-4 at 14, 250-4 at 24-25. Together, they billed 64.42 hours for a total bill of $8,696.70.

The SCVR law clerk research hourly rate varied. Law clerk research was billed at $75 per hour in March 2008, October 2010, July 2012, September 2012, and December 2012, with a total of 13.75 hours. Docket Nos. 250-1 at 1, 250-3 at 19-20, 250-5 at 24, 250-5 at 30-31, 250-5 at 39. Law clerk research performed in June 2012 totaled 2.70 hours and was billed at $50.00 per hour. Docket No. 250-5 at 22. The total fees for law clerk legal research are $1,166.25.

Attorney Patricia Rivera MacMurry ("Rivera"), "a sole practitioner associated with the Hernández Mayoral Law Office," billed 239.6 hours at $200 per hour for work performed from February 20, 2008 to October 31, 2012. *See* Docket Nos. 250-7, 235-3, 236-1. She accounted for 19% of the hours billed and her total fees are $47,920.00.

*Costs*

Defendants are also requesting $15,266.00 in costs. Docket No. 235 at 6-7. Defendants divide their costs into 6 categories. They request $3,666.67 for photocopies, $4,047.88 for document translations, $1,746.52 for deposition transcripts, $1,438.50 for trial transcripts, $1,275.65 for witness expenses, and $3,090.78 in miscellaneous expenses, including postage, telephone calls, and parking charges. *Id.*

### DISCUSSION

Defendants seek $194,301.70 in attorney's fees based on 1,257.37 hours of work at varying rates, and $15,266.00 in litigation expenses, for a total of $209,567.70. This covers the time period from the start of representation on March 5, 2008 through the motion's filing on January 29, 2013.

In a federal copyright action, the court may award full costs and reasonable attorney's fees to the prevailing party—either plaintiff or defendant. 17 U.S.C. § 505;

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). "[B]y tradition and almost by necessity, district judges have great discretion in deciding what claimed legal services should be compensated" in federal fee-shifting. *See Brewster v. Dukakis*, 3 F.3d 488, 492 (1st Cir. 1993) (reviewing order limiting § 1988 awards). Generally, courts calculate fee awards using the "lodestar" method, which multiplies the number of hours reasonably spent by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (in civil rights case); *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011) (under Copyright Act); *Latin Am. Music Co., Inc. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church*, 488 F. Supp. 2d 33, 37 (D.P.R. 2007) ("*LAMCO I*") (same). The court first adds up the time counsel spent on the case, subtracts excessive hours, and then applies the community's prevailing hourly billing rate for a lawyer with comparable qualifications, experience, and specialized competence. *Spooner*, 644 F.3d at 67-68. The calculated lodestar is presumptively reasonable, but it may be adjusted in certain circumstances. *Id.* at 68.

Plaintiffs assert that (1) the court may exercise its discretion to deny fees, (2) both the number of hours and hourly rate are excessive, and (3) the costs are exaggerated, not allowable, or not supported by the appropriate documentation. Docket No. 246. I consider each point in turn.

**I.     Fee Entitlement**

Plaintiffs imply that the court should choose not to consider defendants as entitled to a fee award since "the issues that were argued were not clear [*sic*] black and white in favor of defendants," and they believe that their suit was not frivolous. Docket No. 246 at 4. In evaluating whether to award attorney's fees to a prevailing party, the court may consider several nonexclusive factors such as frivolousness, motivation, objective reasonableness, considerations of compensation, and deterrence. *Fogerty*, 510 U.S. at 534 n.19. A showing of frivolity or bad faith is not required; rather, a prevailing party only needs to show that its opponent's copyright claims or defenses were "objectively

Latin Am. Music Co. v. Media Power Group, Inc., Civil No. 07-2254 (BJM)                                                                 5

weak." *García–Goyco v. Law Envtl. Consultants, Inc.*, 428 F.3d 14, 20 (1st Cir. 2005). Even then, a district court may award attorney's fees to a prevailing party when all the arguments the losing party made were reasonable. *Id.* at 21 (citing *Matthews v. Freedman*, 157 F.3d 25, 29 (1st Cir. 1998)).

Here, a dozen claims were dismissed on summary judgment: four for failing to comply with the registration requirement, four due to lack of copyright ownership, and four for failing to establish the infringing use. *Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 2011 WL 1261534 (D.P.R. Mar. 30, 2011) *aff'd*, 705 F.3d 34 (1st Cir. 2013). At trial, the jury found plaintiffs did not establish their ownership of the remaining works. Docket No. 211. While plaintiffs sustain their claims were not frivolous or ill motivated, defendants disagree, noting as an example that one of the infringement claims was for an announcer reciting six seconds-worth of a song. Docket No. 246 at 4, 250 at 4. The court does not need to concern itself with that determination, since finding frivolousness is not necessary. Even assuming all arguments presented by plaintiffs were reasonable, plaintiffs' failure to prove ownership for a majority of the songs and defendants' total success justifies compensation for the five-year litigation. On balance, defendants are entitled to fees.

## II.     Attorney's Fees

Defendants seek $194,301.70 in attorney's fees based on 1,257.37 hours of work by nine different attorneys and one law clerk at various rates. I consider the number of hours and the hourly rates in turn.

### A.     Number of Hours

Plaintiffs assert that the number of hours billed is not reasonable, characterizing unspecified entries as generally "excessive and some even duplicative". Docket No. 246 at 5. Yet, they failed to point out the specific entries, or even pages of the bills, that are somehow duplicative. Similarly, plaintiffs argue that too many hours were billed for

drafting documents and preparation for summary judgment, but failed to explain why. Docket No. 246 at 7. It is not enough for litigants to merely mention a possible argument; they have the responsibility to spell out the argument. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). It is not the court's responsibility to assert their claim for them. *Id.* To be fair, the documentation of hours billed that accompanied defendants' motion was vague and did not list the attorney billing the time. But defendants' reply to plaintiffs' response to the motion provided more detailed hourly billing, including the employee performing the task billed. *Compare* Docket No. 235-2 *with* Docket Nos. 250-1, 250-2, 250-3, 250-4, 250-5.

Plaintiffs also challenge the time spent in conversations with co-counsel and with the client. Docket No. 250 at 6. Time may be awarded for conversations with co-counsel and clients as long as the matters discussed are explained by the moving party and are related to the case. *Rodríguez-García v. Mun'y of Caguas*, 787 F. Supp. 2d 135, 144 (D.P.R. 2011). Defendants persuasively explain the content of their conversations with both clients and co-counsel in the documentation they provided. For example, on June 15, 2009, Ortega billed 0.20 hours for a telephone conversation with co-counsel, listing the description as "Telephone conversation with Patricia Rivera, Esq., Re: Interrogatories filed by ACEMLA." Docket No. 250-2 at 13.

Although plaintiffs did not object, Rivera's vast blocks of undifferentiated time are not reasonable. The lack of differentiation prevents the court from evaluating whether the time billed was excessive in light of the work performed. *See Spooner*, 644 F.3d at 68 (stating the court is required to ascertain the number of productive hours under the lodestar method). Rivera did not itemize seventy-five of the 239.6 hours billed. Docket Nos. 235-3 at 7-8. Rather, those hours were billed as one fifty-two hour block for work related to a reply brief (*id.* at 7), and one twenty-three hour block for work related to First Circuit oral arguments (*id.* at 8). Therefore, seventy-five of Rivera's hours billed will be reduced by ten percent.

Latin Am. Music Co. v. Media Power Group, Inc., Civil No. 07-2254 (BJM)                                                                 7

### B.     Hourly Rates

Plaintiffs do not dispute the hourly rates charged, but complain that they were inconsistent.  Docket No. 246 at 8.  While defendants persuasively explained that the variance in Ortega's rate was due to his promotion to junior partner, (Docket No. 250 at 6), and Rivera's rates were higher than Ortega's due to her level of expertise and being outside counsel (*id.* at 7), they failed to address the remaining attorneys' rates.

Defendants did not provide evidence supporting their hourly rates.  However, the court may rely upon its knowledge of attorneys' fees in the community when considering whether the hourly billing rates are reasonable.  *Rodríguez-García*, 787 F. Supp. 2d at 144.  To establish a comparison point, the moving party must furnish information on its attorneys' qualifications.  *Hensley,* 461 U.S. at 433.  Without evidence of their background, attorneys' rates may be reduced to what the court would ordinarily pay court-appointed lawyers for indigent defendants at the time.  *Latin Am. Music Co., Inc. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church*, Civil No. 96-2312 (JAF), 2010 WL 1068195, at *4 (D.P.R. Mar. 17, 2010).

Here, defendants only provided credentials for Ortega, (Docket No. 235-1 at 2, ¶¶ 3-4), and for Rivera (Docket No. 236-1 at 2, ¶¶ 3-4).  Therefore, the rates for Saldaña, Colón, Quiñones, Sabater, Eguia, Cayere Quidgley, and Blanco will be reduced to those of court-appointed lawyers.  The rate for court-appointed lawyers between March 5, 2008 and March 10, 2009 was $100.  Administrative Office of the U.S. Courts, Guide to Judiciary Policy § 230.16(a) (2013), http://www.uscourts.gov/uscourts/FederalCourts/ AppointmentOfCounsel/vol7/Vol07A-Ch02.pdf.  From March 11, 2009 to December 31, 2009, the rate was $110. *Id.*  And from January 1, 2010 on, the rate has been $125 per hour. *Id.*

### C.     Insurance Coverage

Plaintiffs also observe that defendants' legal representation may have been covered under the terms of an insurance contract.  Docket No. 246 at 8.  However, they

do not explain what weight, if any, the court should place on this, or why. For their part, defendants note that their contract with the insurance company requires them to seek recovery of advanced fees. Docket No. 250 at 10. Regardless, "parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority," or else their position will be waived. *Velázquez Rodríguez v. Mun'y of San Juan*, 659 F.3d 168, 175 (1st Cir. 2011). Because plaintiffs do not explain why any insurance coverage is relevant, that matter is not considered any further.

### D. Summary

In sum, the court finds the following award to be reasonable:

| Attorney | Dates | Hours | Rate Billed | Reduced Rate | Adjusted Fee |
|---|---|---|---|---|---|
| M. Ortega | March 5, 2008 - May 27, 2010 | 267.45 | 135.00 | 135.00 | $36,105.75 |
| M. Ortega | September 10, 2010 - October 31, 2011 | 645.45 | 150.00 | 150.00 | $96,817.50 |
| M. Ortega | November 2011 | 1.10 | 147.27 | 147.27 | $162.00 |
| M. Ortega | December 2012 | 17.70 | 149.92 | 149.92 | $2,653.58 |
| L.N. Saldaña | March 8, 2008 - May 1, 2008 | 4.20 | 150.00 | 100.00 | $420.00 |
| F. Colón | July 29, 2011 | 1.00 | 150.00 | 125.00 | $125.00 |
| P.Quiñones | July 19, 2011 - March 1, 2012 | 26.22 | 135.00 | 125.00 | $3,277.50 |
| F. Sabater | July 22, 2011 - October 31, 2011 | 18.50 | 135.00 | 125.00 | $2,312.50 |
| M.M. Eguia | July 26, 2011 - July 27, 2011 | 9.40 | 135.00 | 125.00 | $1,175.00 |
| J. Cayere Quidgley | September 1, 2009 | 3.80 | 135.00 | 110.00 | $418.00 |
| J. Cayere Quidgley | July 5, 2012 - July 6, 2012 | 1.80 | 135.00 | 125.00 | $225.00 |
| Law clerk research | March 2008, October 2010, July 2012, September 2012, and December 2012 | 13.75 | 75.00 | 75.00 | $1,031.25 |
| Law clerk research | June 2012 | 2.70 | 50.00 | 50.00 | $135.00 |
| P. Rivera | February 20, 2008 - April 12, 2012 | 164.60 | 200.00 | 200.00 | $32,920.00 |
| P. Rivera | No specific dates provided | 67.50[1] | 200.00 | 200.00 | $13,500.00 |
| **Total** | | | | | **$191,278.08** |

---

[1] Seventy-five hours reduced by ten percent.

Latin Am. Music Co. v. Media Power Group, Inc., Civil No. 07-2254 (BJM)                                      9

### III.    Costs

Defendants seek $15,266.00 in costs across six categories: (1) photocopies, (2) document translations, (3) deposition transcripts, (4) trial transcripts, (5) witness costs, and (6) other expenses.  Prevailing parties in a copyright case are entitled to receive reasonable costs at the court's discretion.  17 U.S.C. § 505.  Even out-of-pocket costs, which are not normally taxable under 28 U.S.C. § 1920, can be awarded under Section 505.  *See InvesSys, Inc. v McGraw-Hill Companies, Ltd.*, 369 F.3d 16, 22-23 (1st Cir. 2004) (under Copyright Act).  S*ee also Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 43 (1st Cir. 2006) (under 42 U.S.C. § 1988); *Rodríguez-García*, 787 F. Supp. 2d at 148 (same).  Nonetheless, the prevailing party must submit clear documentation of those costs.  *See Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 35 (D.P.R. 2000), *aff'd.* 295 F.3d 108 (1st Cir. 2002).  Plaintiffs argue that all six categories of costs are excessive or not taxable.  Defendants argue that, even if not allowable as costs, these expenses should be allowed as out-of-pocket attorney expenses, and are thus recoverable under Section 505.  Docket No. 235 at 2.  I address each category in turn.

####    A.    Photocopies

Defendants seek $3,666.67 for photocopies of documents served on other parties, materials related to discovery, and other documents used during trial.  Docket No. 235 at 6. Plaintiffs argue that defendants did not identify where the copies were made and that some line items occurred after the trial.  Docket No. 246 at 9.  The cost per copy is not disputed.  *Id.*  Defendants provided an itemized bill for in-house printing and copies totaling $845.10.  Docket No. 235-5 at 7-13.  These photocopies occurred on or before August 18, 2011, day the trial concluded.  The remaining photocopy expenses are not outlined in a manner that the court may determine the task these copies relate to, and the receipts provided do not add up to the amount requested.  Therefore, the amount requested for photocopies is reduced to $845.10.

Latin Am. Music Co. v. Media Power Group, Inc., Civil No. 07-2254 (BJM)                    10

Additionally, one of the documents provided is a bill that defines the items as "Burn CD" and "Doc Scan_Tiff_PDF" for a total of $311.64. Docket No. 235-5 at 38. Based on this, the court infers defendants may have included scanning services in the total requested for photocopies. Defendants failed to explain this expense or clearly identify which category the receipt related to. For that reason, this expense is disallowed.

### B.     Document Translation

Defendants claim costs of $4,047.88 for "Translation of Documents." Docket No. 235 at 6. Document translations are taxable under 17 U.S.C. § 505. *García-Goyco*, 428 F.3d at 22. Plaintiffs argue that there is insufficient documentation for this expense because interpreters only billed $926.25. Docket No. 246 at 9. Defendants submitted additional information with their response to plaintiff's opposition, which included three billing statements for translation services. Docket No. 250-10. The first two statements list as the description a different case name. *Id.* at 1-2. Even though the "matter #" matches the client identification number defendants' attorneys used for this case throughout the documentation, the information provided is insufficient to determine whether these two invoices relate to the relevant litigation. The last invoice, totaling $2,000, has a description that refers to "Radio Isla" and otherwise bears sufficient information to determine it was directly related to this case. *Id.* at 3. Accordingly, the allowable translation costs are reduced to $2,926.25.

### C.     Deposition Transcripts

Defendants request costs for deposition transcripts of $1,746.52. Docket No. 235 at 6. But, as plaintiffs contend, defendants did not include any evidence of the actual costs incurred in this category. Docket No. 246 at 9. Therefore, this cost will not be taxed.

### D.     Trial Transcripts

Defendants request $1,438.50 for trial transcripts ordered in January 2012. Plaintiffs contend that defendants incurred this expense after judgment. Docket No. 246 at 9. The timing of the request suggests that defendants requested the transcripts in preparation for plaintiffs' appeal. As prevailing parties, defendants are entitled to recover fees incurred in presenting testimony to the Court of Appeals when transcripts are necessary for a full understanding of the issues on appeal. *Norton v. Int'l Harvester Co.*, 89 F.R.D. 395 (E.D. Wis. 1981) (granting prevailing appellee costs of trial transcripts used to rebut appellant's main issues brought on appeal). But, in this case, the defendants failed to explain how the trial transcripts were necessary to assist the First Circuit in its understanding of the issues presented on appeal. For that reason, the cost of trial transcripts is disallowed.

### E.     Witness Costs

Defendants seek $1,275.65 for witness Martin Majeske's travel, lodging, and other expenses. These expenses would not be recoverable as costs under 28 U.S.C. § 1920, but are a recoverable out-of-pocket expense in a fee-shifting award. *See InvesSys, Inc.*, 369 F.3d at 22. The moving party still has the burden of persuasion to show that the costs requested are reasonable. *See* 17 U.S.C. § 505. Plaintiffs argue that defendants did not explain how this witness was necessary or how the expense was reasonable. Docket No. 246 at 10. Defendants counter that the witness was "of vital importance" to the discussion of several of the works at issue, but do not explain further. Docket No. 250 at 10. Defendants never explain why; at best they seem to rely on their success to show the witness' necessity and the reasonableness of the costs requested. But since they bear the burden of proof and failed to articulate their need for this witness, those costs are denied.

### F.     Other Expenses

Defendants seek expenses for messenger and delivery services, service of subpoena fees, computerized legal research, parcel services, parking charges, long

distance phone calls and postage in the amount of $3,090.78. Defendants have the burden of submitting clear documentation of the costs they are seeking. *Pan Am. Grain.*, 193 F.R.D. at 35. Here, plaintiffs argue that defendants did not adequately explain the reasonability or necessity of these expenses. Docket No. 246 at 9. Defendants provided a variety of receipts in support of their request, yet the receipts either do not total the amount requested for each item, or do not provide enough information to make a reasoned determination. Docket No. 235-5. Defendants submitted receipts for a total of $178.92 in FedEx shipping and messenger services. They failed to submit documentation of long distance phone calls, postage, the subpoena fee, and the documentation provided for the computer legal research includes eight pages of Westlaw billing statements for multiple client identification numbers and without an itemized total. *Id.* Since defendants failed to document the reasonable expenses incurred beyond the FedEx and messenger expenses, the miscellaneous costs are reduced to $178.92.

### G. Summary

In sum, defendants failed to properly document or justify several of the requested expenses. The total expenses awarded are listed below.

| Expense | Amount Granted |
|---|---:|
| Photocopies | $845.10 |
| Document Translations | $2,926.25 |
| Other | $178.92 |
| Total | $3,950.27 |

### CONCLUSION

For the foregoing reasons, the defendants' motion for attorneys' fees and costs per 17 U.S.C. § 505 is **granted in part**. Defendants are awarded $191,278.08 in attorneys' fees and $3,950.27 in costs, for a total of **$195,228.35.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of June, 2013.

                                            *S/ Bruce J. McGiverin*
                                            BRUCE J. MCGIVERIN
                                            United States Magistrate Judge